IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PEARLEASE LOWERY,

    Plaintiff,

v.     CASE NO. 4:08-cv-00323-MP-WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 23, Report and Recommendation of the Magistrate Judge, which recommends that the decision of the Commissioner denying benefits be reversed and that Plaintiff's application for benefits be granted. The Magistrate entered the Report on April 13, 2009. Defendant filed an objection (Doc. 24) on April 28, 2009. For the reasons stated below, the recommendation of the Magistrate will be adopted with one modification, and Plaintiff's application for benefits will be granted.

I.    <u>Defendant's Objections</u>.

Defendant raises one specific objection regarding the Magistrate's analysis of the ALJ's application of the Eleventh Circuit's three-part "pain standard." Defendant argues that the Magistrate's analysis on that issue contains legal error and that the ALJ applied the correct standard to discredit Plaintiff's pain testimony. Doc. 24 at 2-4. Defendant "also objects to the other recommended holdings for the reasons outlined in the Commissioner's initial Memorandum." Doc. 24 at 4.

The Court notes at the outset that under 28 U.S.C. § 636(b)(1), the district court must

"make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." However, in order to trigger *de novo* review, an objection must be specific; a party cannot simply raise a general objection to a magistrate's report and recommendation by reasserting by reference every argument in its initial brief. Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982) ("Frivolous, conclusive or general objections need not be considered by the district court.").[1] Therefore, the Court has reviewed for clear error those portions of the Report to which Plaintiff has raised no specific objection. The Court has also completed a *de novo* review of the portion of the Report to which Defendant specifically objects, as outlined below.

II.     Discussion.

The ALJ found:

After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements considering the intensity, persistence and limiting effects of these symptoms are not entirely credible.

R. 23. As the Magistrate noted, this is a standard paragraph used by the ALJ to introduce analysis discrediting a claimant's testimony of pain and other symptoms.

However, the Magistrate was wrong to assert that this language is inconsistent with the Eleventh Circuit's standard for analyzing the credibility of a claimant's testimony of pain and other symptoms. Such analysis occurs in two stages. First, in order to establish a claim of disability based on testimony of pain and other symptoms, "the claimant must satisfy two parts

---

[1] Although the Fifth Circuit has since overruled Nettles, see Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), Nettles remains binding precedent in the Eleventh Circuit because Douglass was decided after October 1, 1981, and was not a Unit B decision. Jones v. Sec'y for Dep't of Corr., 131 Fed. Appx. 164, 166 n.3 (11th Cir. 2005).

of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).

It is only after a claimant satisfies this test that the ALJ must consider a claimant's claim of disability based on testimony of pain and other symptoms – consideration that necessarily entails an analysis of the credibility of the underlying testimony. See 20 C.F.R. §§ 404.1529, 416.929. "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." Wilson, 284 F.3d at 1225 (citing Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). "Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." Wilson, 284 F.3d at 1225 (citing Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988). Those reasons must be based on substantial evidence. Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991).

Therefore, as Defendant correctly points out, the Magistrate was wrong to suggest that the ALJ was required to accept as true Plaintiff's testimony of pain and other symptoms once Plaintiff satisfied the initial burden of establishing a claim of disability based on that testimony. The Court notes, however, that the Magistrate nevertheless applied the correct standard in the analysis following this statement. See Doc. 23 at 33-34 (citing Jones, 941 F.2d at 1532, and determining that the reasons by the ALJ for discrediting Plaintiff's pain testimony were not based on substantial evidence in the record). Although Defendant has not specifically objected

to the Magistrate's determination that the ALJ's reasons were not based on substantial evidence, the Court has reviewed that question *de novo*.

Upon consideration, the Court agrees with the Magistrate that there is no substantial evidence in the record to support the ALJ's reasons for discrediting Plaintiff's testimony. As the Magistrate notes, the discrediting of Plaintiff's testimony relies almost entirely on the ALJ's failure to give controlling weight to the opinion of Dr. Murphy, which the Court agrees was improper. Dr. Murphy's opinion supports Plaintiff's testimony regarding the need for additional surgery, and there is nothing in the record to contradict Dr. Murphy's opinion regarding the difficulty of Plaintiff losing weight due to her current condition. The Court also agrees with the Magistrate that the ALJ exaggerated the significance of Plaintiff's minimal daily activities. See Doc. 23 at 30-31. To the extent the ALJ discredited Plaintiff's testimony based on her daily activities, the ALJ's finding is not supported by substantial evidence. Finding no other reason to reject the Magistrate's recommendation, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge (Doc. 23) is ADOPTED and incorporated herein, except with regard to the sentence on page 32 that begins, "It is an odd formulation . . ." and the sentence on page 33 that begins, "Plaintiff, therefore, has satisfied both necessary elements . . . ." The decision of the Commissioner denying Plaintiff's application for Social Security benefits is REVERSED, and the Commissioner is ordered to grant Plaintiff's application for benefits.

**DONE AND ORDERED** this   *6th* day of May, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge